CALABRIA, Judge.
Respondents appeal from orders that adjudicated their minor child H.W. ("Haley") to be a neglected juvenile, placed her in the custody of the Cherokee County Department of Social Services ("DSS"), ceased reunification efforts, eliminated reunification as a plan for Haley, and set the primary permanent plan for Haley as guardianship with a secondary plan of adoption.[1] We affirm the trial court's adjudication order, but reverse the trial court's dispositional order and remand for entry of a new dispositional order.
I. Factual and Procedural Background
DSS first became involved with respondents in January 2015, when it received a child protective services report regarding respondents' three children, H.W. ("Heather"), T.W. ("Tracy"), and A.W. ("Alex"). On 3 January 2015, DSS obtained non-secure custody of the three children and filed juvenile petitions alleging they were neglected juveniles. By consent order entered 12 May 2015, the trial court concluded the children were neglected juveniles because they lived in an environment injurious to their welfare and because they did not receive proper care or supervision from respondents. Disposition was continued until 18 June 2015, and the trial court subsequently entered a consent dispositional order in which the court continued custody of the children with DSS, granted supervised visitation to respondents, and set the permanent plan for the children as reunification with respondents.
Haley, respondents' fourth child, was born in February 2016 and initially lived with respondents. Thirteen days after Haley's birth, respondents were arrested on multiple criminal charges in which Heather was the alleged victim. DSS obtained non-secure custody of Haley and filed a petition alleging she was a dependent juvenile due to respondents' arrest and incarceration. DSS filed an amended petition on 25 May 2016, alleging Haley was a neglected juvenile, based on the prior adjudications of neglect of her older siblings and the pending criminal charges against respondents.
After a hearing on 3 August 2016, the trial court entered an adjudication order concluding Haley was a neglected juvenile. The court continued the disposition hearing to 13 October 2016, and the parties subsequently agreed to the entry of a consent dispositional order. The trial court entered its consent dispositional order on 25 October 2016, in which it continued custody of Haley with DSS, relieved DSS of providing further reasonable efforts toward reunification, set the permanent plan for Haley as guardianship with a concurrent plan of termination of parental rights, and ordered that respondents have no visitation with Haley. Respondents filed timely notices of appeal.[2]
II. Neglected Juvenile
Respondents first argue the trial court's adjudication of Haley to be a neglected juvenile is unsupported by its findings of fact. We disagree.
A. Standard of Review
On appeal from an adjudication of neglect, abuse, or dependency, this Court must "determine '(1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact[.]' " In re T.H.T. , 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quoting In re Gleisner , 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) ), aff'd as modified , 362 N.C. 446, 665 S.E.2d 54 (2008). Findings of fact not specifically challenged by the appellants are binding on this Court on appeal. See In re P.M. , 169 N.C. App. 423, 424, 610 S.E.2d 403, 404-05 (2005). "The trial court's conclusions of law are reviewable de novo on appeal." In re K.J.D. , 203 N.C. App. 653, 657, 692 S.E.2d 437, 441 (2010) (citation and quotation marks omitted).
B. Analysis
A neglected juvenile is defined in relevant part as "[a] juvenile ... who lives in an environment injurious to the juvenile's welfare.... In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile ... lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home." N.C. Gen. Stat. § 7B-101(15) (2015). When the juvenile has never resided in her parent's home, or has resided there for an insignificant period of time as here, " 'the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case.' " In re A.S. , 190 N.C. App. 679, 690, 661 S.E.2d 313, 320 (2008) (quoting In re McLean , 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999) ), aff'd per curiam , 363 N.C. 254, 675 S.E.2d 361 (2009). A trial court is "permitted, although not required," to conclude a juvenile is a neglected juvenile based on evidence that the respondent-parents had previously neglected another child. See id. (citing In re P.M. , 169 N.C. App. at 427, 610 S.E.2d at 406 (affirming an adjudication of neglect of one child based on a prior adjudication of neglect with respect to other children and the parents' ongoing unwillingness to accept responsibility), and In re E.N.S. , 164 N.C. App. 146, 150, 595 S.E.2d 167, 170 (affirming conclusion of neglect "based primarily on events that took place before [the child's] birth, in particular, the circumstances regarding respondent's oldest child being adjudicated neglected and dependent" and subsequent failure to demonstrate stability), disc. review denied , 359 N.C. 189, 606 S.E.2d 903 (2004) ).
In support of its conclusion that Haley is a neglected juvenile because she lived in an environment injurious to her welfare the trial court found: (1) Haley's older siblings had been adjudicated neglected juveniles because they lived in an environment injurious to their welfare; (2) the order adjudicating Haley's older siblings to be neglected juveniles was entered by consent; (3) respondent-father has been charged with committing the offenses of first-degree rape of a child, felony child abuse by a sexual act, and felony incest; (4) respondent-mother has been charged with felony child abuse by a sexual act, felony child abuse by sexual prostitution, and disseminating obscene materials to a minor child; (5) Haley first came into DSS custody because respondents had been arrested on the above charges and she had no one who could take care of her; and (6) the above charges were still pending against respondents. Respondents do not challenge these findings of fact and they are binding on appeal. These facts establish prior neglect of juveniles that lived in Haley's home and an ongoing instability in the home. Accordingly, we conclude these findings are sufficient to support the trial court's conclusion that Haley is a neglected juvenile, and we overrule respondents' arguments.
III. Disposition
Respondents next argue the trial court erred in entering its dispositional order, because there are insufficient findings to support its conclusions to cease reunification efforts and to deny them visitation with Haley. We agree.
Here, the trial court's dispositional order was entered by consent. A trial court may enter a consent dispositional order in an abuse, neglect, or dependency proceeding so long as:
(1) All parties are present or represented by counsel, who is present and authorized to consent.
(2) The juvenile is represented by counsel.
(3) The court makes sufficient findings of fact.
N.C. Gen. Stat. § 7B-801(b1) (2015). In an initial dispositional order a trial court may only order that reunification efforts are not required if it makes specific findings of fact as set forth in N.C. Gen. Stat. § 7B-901(c) (2015). Similarly, "[a]n order that removes custody of a juvenile from a parent, guardian, or custodian or that continues the juvenile's placement outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905.1(a) (2015). As a general rule, the order must establish an adequate visitation plan for each respondent-parent unless the trial court finds "that the parent has forfeited their right to visitation or that it is in the child's best interest to deny visitation[.]" In re T.H. , 232 N.C. App. 16, 34, 753 S.E.2d 207, 219 (2014) (citation and quotation marks omitted).
Here, the trial court made no findings of fact to support its conclusions to cease reunification efforts or to deny respondents visitation. Additionally, although respondents consented to the cessation of reunification efforts, they did not consent to the denial of visitation with Haley. The trial court's dispositional order does not include sufficient findings of fact to support the entry of the order, and we must reverse the trial court's dispositional order and remand for entry of a new order, one properly supported by sufficient findings of fact. On remand, the trial court may rely upon the existing record, or in its sole discretion receive such further evidence and arguments from the parties as it deems necessary and appropriate to comply with the instant opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
Report per Rule 30(e).
Judges DAVIS and TYSON concur.

We use pseudonyms throughout to protect the juveniles' identities and for ease of reading.

Respondent-mother filed her notice of appeal on 20 February 2017 and respondent-father filed his notice of appeal on 21 February 2017. Although filed well past the thirty-day deadline for notices of appeal from adjudication and dispositional orders, the dispositional order was never served on respondents and thus respondents' time for filing their notices of appeal was tolled until they discovered the entry of the dispositional order. See N.C. Gen. Stat. §§ 1A-1, Rule 58, 7B-1001(b) (2015).